# In the United States Court of Federal Claims

No. 19-480T
(Filed October 8, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * *
                              *
                              *
RUBICELIA QUINTANO            *
CABRERA,                      *
                              *
                              *
               Plaintiff,     *
                              *
     v.                       *
                              *
THE UNITED STATES,            *
                              *
               Defendant.     *
                              *
* * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

The government's three previous motions to enlarge the time period in which to respond to the complaint were not opposed by plaintiff Rubicelia Quintano Cabrera and were necessitated by delays due to the government's inability to locate the administrative records pertaining to Ms. Cabrera's tax files. ECF Nos. 7, 9, & 11. The third motion contemplated that the plaintiff's files would be in defense counsel's possession on or around August 30, 2019. *See* ECF No. 11 at 1.

The government's fourth motion, opposed by Ms. Cabrera, requests twenty-one additional days for responding to the complaint due to the identification of a particular legal issue requiring further guidance from the Internal Revenue Service (IRS). ECF No. 13. The plaintiff opposes this further enlargement because she is indigent and asserts that she will be prejudiced by a delay in receiving a tax refund. ECF No. 14 at 3.

Although the Court is sympathetic to Ms. Cabrera's financial circumstances, the type of prejudice that may overcome what would otherwise be good cause under Rule 6(b)(1)(A) of the Rules of the United States Court of Federal Claims (RCFC) is prejudice that affects a plaintiff's ability to respond to filings or otherwise press its case. *See Novad Mgmt. Consulting, LLC v. United States*, No. 19-425C, 2019 WL 3015220, at *1 (Fed. Cl. July 9, 2019) ("[T]he mere fact of the delay alone cannot be

enough to establish prejudice, otherwise every opposed motion for an extension would have to be denied."); *Humantouch, LLC v. United States*, No. 11-194C, 2011 WL 2356478, at *1 (Fed. Cl. Apr. 22, 2011) (plaintiff not prejudiced by defendant's requested enlargement of the time period in which to file a response because plaintiff's ability to file a reply was not affected). This would typically be matters "such as witnesses with fading memories, deteriorating evidence, and the like," *Novad Mgmt.*, 2019 WL 3015220, at *1, none of which is alleged here by the plaintiff. And while Ms. Cabrera maintains that she "continues to suffer severe financial hardships due to Defendant's repeated delays," ECF No. 14 at 3, she does not specify how the marginal delay of twenty-one days would injure her or her ability to pursue her claim. Moreover, if the plaintiff were to succeed on the merits, by statute she would be fully compensated for any delays in receipt of her tax refund, including prejudgment interest. *See* 26 U.S.C. § 6611.

While RCFC 12(a)(1)(A) fixes a sixty-day deadline for the government's response to a complaint, this deadline presupposes that any administrative records necessary for the response can be efficiently assembled. The government has adequately explained how the administrative processing of Ms. Cabrera's claim, including an appeal, had involved four IRS offices in four separate states, complicating the effort to locate and assemble these files. ECF No. 15 at 2–3. The Court notes that this fourth enlargement of the time period in which to respond to the complaint will require the government to file its response roughly forty-nine days after obtaining the relevant files, which is consistent with the normal deadline. Under these circumstances, good cause has been shown, and the motion is accordingly **GRANTED**. Defendant's response to the complaint will be due on or by **Friday, October 18, 2019**.


**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge